call the case. Case num People versus held around attorneys would step up a for the record. Good morn Lindsay Anderson, assista on behalf of the appellant Good morning, your honor. Kelleher on behalf of the Okay. Good morning. All r proceed. May it please th I will be arguing the fir in the brief. First issue to prove Murphy's guilt b where there was no corrob select I and second issue was ineffective for faili to suppress. Your honor's Chambers gun, a gun that oath against her own pena to her, a gun that was fo in Darling Chambers bedro somehow Mr Murphy is now and six months in the Dep for a gun that very clearl Chambers. Was there anyth that said, I know that th in a purse, in a bedroom, the ammunition inside the honor. Actually, the ammu the purse. It appeared th on the ammunition. But th that the officer unloaded time of recovery. Yes, yo Was there anything in the at that particular time t Chambers? Um, nothing spe other than it being in he an area of her control an woman's purse. Um, the wh issue is that Murphy's co reverse where there is no of his statement. Well, w statement. Don't we have statement in the apartmen there's a gun here and I then you take that with h got a little bit more. We if we look at his first s of showing that he commit do the opposite. They exon he thought that there was Chambers person that he w Darling's gun. In fact, h to that effect that Darli that's what the officers remember at the trial, he didn't say any of that. S said that he said, right. Okay. But if you take tha of the presence of the gu that is allegedly made at as admission of the posse but you have to corroborat you believe those statemen the gun. And so there's e and then you have a state that says it's my gun. Th somebody in the neighborh is shooting up the neighb all that together, I think Supreme Court case, peopl versus Laura, you have en like that. Well, I think case to a case like the I case, Luder, there are th conviction was reverse be crime or while there was had occurred, there was n fire was lit intentionally case is like the gun. In not per se illegal. The e not prove that a crime oc to prove that this crime to prove not just that th home, but that Mr Murphy, requisite convictions pos evidence that is lacking Now the state is trying t a constructive possession have no evidence that Mur or ongoing control over t was found. Right. You've a bag of clothes. Is that as evidence that he was t there a statement though as his address? Uh, your from the officers that he So if you take all that t say that, you know, just doubt sufficiency of the there's enough to support of guilty, at least for p review. Well, your honor, that has been found suffi is male. Um, he is an add a driver's license. We ha the case at bar. And in f that this could have been that they didn't seek. We to your next argument, in Now, why don't you tell u that? I know you'd like t reversal, but your second the lawyer was ineffectiv motion to quash and suppr Importantly, Murphy is no outright reverse on Fourt We're asking for a suppre the standard to get that is whether or not this mo probability of success. T a reasonable probability Murphy's Fourth Amendment And the first argument th in its brief is one based you in your reply brief d versus Olson. Would you l standing issue? Yes, Your versus Olson is extremely to the case at bar in Ols had been there, quote, ma a change of clothes in th exact case that we have h of clothes. And although statement that he had bee We do have statements fro chambers that he did not an overnight guest there. to say on one hand that M possession of this gun an even have a Fourth Amendm home. Those two assertion and the state can't have not an automatic standing that really has evaporate decisions of the United S their project. Well, Your enough that the state cla possession of something. that's not enough in and to confer standing on so the search. Well, Your Ho asserting that he is stand versus Olson. And admitte more facts developed at t that could shed light on is exactly what we're ask get to the merits of this this strategy by council trial proceedings to file let's assume that it shou Let me ask you this. Are that there should have be his arrest for lack of pr it appears from the record that that may be a valid his motion for a directed that the arrest warrant i for an individual and tha as to why Murphy was arre record at page 54. So cou that perhaps the arrest a of this gun were at issue and strategy that council we remand this for the he So you believe that you h there would should have b the motions expressed bas to decide what what you'r this was outside the scop lack of probable cause fo have been developed by th Our main argument is that the scope of what occurre were under in this home u argument is basically tha the warrant gave him the person, not the person is purse shelf number one an the alleged consent given of the apartment. Uh Ms Ch to come in and look for t in any place that a perso be. That's exactly correc that whole area of law go that when police do valid and they have a valid arr for an individual that th or make some sort of chec your honor. Um the idea t sort of officer safety, j safety concern isn't supp We know, do we want, do w I really want to get into But do we want to say tod is in an apartment lookin warrant and they have a r at the address of wherever told that there's a gun s have the right to at leas it out of the way for the your honor, not without m This gun wasn't per se il the facts of this case, w for officer safety. In fa but at the time that which gun, he had already looke this bedroom and done a q That's when he heard abou that's when he went in an Yeah, I just don't think should have to, if, if we I just don't think that t issue here today is wheth they can't respond when s a gun. But let me talk ab When do you believe the d Your honor, the defendant he was removed from the h All right. And it would b at that point, all the po a gun and uh and he he wa and they said he had a ba the bag of clothes was nev is that is that basically with possession of the gu it was? Or there's some c what he was charged? Your with possession of the gu at that point he had not whatsoever indicating tha was saying it was somebod he was being arrested for had said there's a gun he to Chambers mother. That he's handcuffed and arres the station. Yes. Your hon noted that he thought tha at his motion for a direc evidences belief that the Yet he failed to act on t way. You can't file a mot post trial proceedings, w to do in the case at bar. prejudice because under l if this gun had been supp have a case against Mr. M was a little different th case, the trial court had gun, haven't it? Well, co I agree with you. I agree gun, you know, the case i And so I think you could been prejudiced. But let' because in that case the suppressed the gun and th person guilty and there w the appellate court, I th and reversed saying that beyond a reasonable doubt the procedural posture of But I said it merely for if the gun was suppressed is not sufficient to prov occurred and to sit seeing Unless there's any other to reserve a few moments right. Thank you. Your hon Good morning again. Good to court. The people prov committed the offense of beyond a reasonable doubt and the people sufficient the corpus delecta. After the gun from the apartmen to the station and defend He said, listen, man, the for protection. I know we on what basis was he take Well, this goes to the se you know, you sort of brou Right. Well, the police c cause to arrest the defen to the station. They sarc was a gun there. They wer to execute an arrest warr read and also they had re enter the apartment from and to look for trail rea inside the apartment. One they did and it's importa Sergeant McInerney testifi had been involved in a co and Officer Hayes describ a homicide offender. So t he was arrested at that a defendant? He was arreste conducted an investigatio the gun. But I'm just as recovered the gun, was he apartment? There's some s about. He was taken to th further investigation or you agree he was arrested address? Right. The recor say he was arrested, but arrested after the police found the gun, but also c said there shouldn't be a right because defendant s it would keep his gun bec officer, the officer, I'm McInerney and Officer Hay statements in the apartme that the trial court, the that she has a gun. Yes, and then it was the mothe wrong with Lakita having under the most recent Uni pronouncements? What's wr having a gun? This case a the McDonald case. But is where you have gun knowled Murphy more than one pers and no other information. they maybe know that Mr M is a convicted felon. So Mr Murphy and incidentall and according to apparent in your brief, at the tim and and gives the further handcuffed uh, in a, an i of all, it was the defend one of the first things t if there's any weapons in they did this almost simu the search for trial. Rea This is a potentially dang with that claim that at t is the person who says sh purse. That's the knowled Right. And then Sergeant element of the offense to then in there after they is the constructive posse cause to arrest him. The a bag of clothes that's n fact that he brushed his brushing his teeth and th point he gave that addres I think was in the record he was processed. So wha toothbrush in a bag. So w element of constructive p can say you have the know is this constructive poss This isn't actual. We kn dealing with constructive possession. The gun is in in a room. So we're worki possession. Yeah. Well, t make reasonable inferences also had immediate and ex prior fact didn't really because no motion was fil But after the defendant s a gun in the apartment, S who's got a gun? And at t says, Lakita's mom, he do And after the gun was rec nervous. He's uh, well, w stuff. You've got police in on a warrant with their And what reasonable human is not comatose, wouldn't circumstances. So let's d after, after the gun is r reiterates that the gun b mom. Right? So how does h have immediate and exclus gun when he's telling the gun? Well, at that point, that question. So they do say, well, we need to cal to be out of town. So now call. How does that get u as opposed to Lakita's gu else's gun when there's n been in that room ever? B Darlene, they are seeing that the gun belongs to D have some merit. They cal statement that it's her g  be a statement that would prosecution. Would it not negative, you turn it to be his gun or there must it's his gun. And that's Justice McBride and I are did that happen? How did telephone by someone who have been surprised that Chicago was calling her a a weapon be turned into p he constructively possess what we're having difficul Well, the trier effect ca If there's a motion, sure be entitled to do that. L these two out to try to w Could there have possibly to not file a motion to q to suppress. What reasona would you give us for tha when once he heard all th I wish I had done that in trial motion? Well, there reasons. First, the defen has been that the gun bel he would not have had a l of privacy in the gun or gun was searched. Uh, se acted properly in this ca were legally in the apar potentially dangerous pe that there's a gun in the have to see if there actua I completely agree. I don with them recovering this I don't know what strateg that is being reasonable I think there's an argume should have filed a couple So, but let's go on to pr the motion and there's, t there, not only does the the police station. So, u At least you have to agre Maybe you don't agree wit strategy, but would you a be successful on the moti out, the statement goes o nothing or you're not lef left with guilty beyond r the, if the gun was suppr be different. Even if the gun is suppressed under t or whatever the case is, that was reasonable doubt outright because the gun would support that. But w further and getting the s he's been arrested and he after an arrest that we'l for argument's sake. So d Well, here there was when in the totality, there wa that a motion to suppres because everything the po here. It was a very measu to take him into custody entered the apartment, re a search, having heard th in the apartment and reas chambers out of state and the question and getting did. Is it reasonable then to place held around Murph and remove him to the pol him, Miranda's him and st questions. Yes, your hono the police had probable c found, they recovered a w the defendant told them t purse didn't have anythin else in the purse besides So basically you equate t he had with probable caus despite the presence of a apartment and the presenc who had denied possession call. So you say that tho sufficient for probable c unconstructed possession. given that he was an over a toothbrush and a change That's really the linchp Is it not? Yes. When, whe are looked at, when the p door, the door wasn't ans So one can reasonably inf had to do something with Well, I really don't buy there's anything to sugge some hiding. I mean, so h the gun in a purse on the picks up a toothbrush and his teeth and then volunte a gun in the apartment. T hit. That's your theory. a reasonable inference co that something that the t have any opportunity to e another reasonable inferen that the defendant had pl earlier. But when your ci that there was a delay in it was trying to hide the potential contraband. It' Doesn't all of this show questions that have to be fact that you keep referr had one on these issues h the police did was reason just find a gun and immed Well, you know what? I th your position. The questi reasonable based on the r arrest him at that apartm I mean, I can't find a ca supportive of uh the prob possession part of the of and exclusive control unde to this one. Well, these a unique situation where a or attempting to execu right. They discovered th They discovered only basi tells them. And it's also what the police didn't do didn't uh handcuff everyb room to room. It was a ve They didn't want to tramp here. They only did. They they knew had had a prova point, really, there's no charged as easily as he c saying it's somebody else the person who who had th the gun was right. They t told them the location of told them that it belonged called Darlene. Darlene sa no gun in the apartment. the police had probable c an offense that was commi was the person who committ they didn't just arrest d a reasonable attempt to f whether his story held up was probable cause here. beyond a reasonable doubt had it. They also had def a bag of clothing there. teeth. These are all sign it. We're questioning her worth his salt at least s to try to test this arrest it for the for all the re fact has to determine wha there should not have bee through a motion. Well, d was that it wasn't his gu had a general that can be But should the lawyer have the best position for the my gun? How does he go ab that later if he doesn't to get that evidence out. that always the best appr in a situation actually l to bring a pre trial moti express is a question of the light bulb went on in just went out a little la specifically says we can' know, be a money morning if after hearing the test the defense lawyer stands judge and said, now, havi in effect, I want to try judge said you could do i could even do it during t do it after the trial. Is admission that it wasn't to try to challenge that that it was a mistake afte found guilty, it's I'm su say, well, I maybe I should but that doesn't mean the successful. The mere fact you about the trial strateg success component of it. that's not the time for t that said, in fact, you'v that there are determina made by a trier effect. W but no trier effect got t that. And then you said, strategy. And I'm saying when after hearing all th said, this is what I want now, isn't that a tacit a like he should have done he feels like he should h isn't it something when w prong of Strickland that have done it earlier? Wel the analysis is what coun the time he made a decisi to file a motion to suppr what a reasonable attorne circumstances under the f Otherwise, any at the end a motion for a new trial, just recite a laundry lis she may have done in an a court to find ineffective I think we understand you else you really want to a if the court wants to hea first purpose to like to I think we understand you I haven't read the briefs Okay. Uh, for all these r those stated in our brief request that this honorabl defendant's conviction an armed habitual criminal. Thank you. Thank you. Tha to add a few remarks? Yes Mr Murphy was arrested in know that from page 46 of Tim Hayes testified that after the call to Darling on page 16, Officer McKinne that he took Murphy to ar thereby implying an arrest point at which he was arre no facts to support constr possession of that gun. A trial strategy to wait un to attempt to file this m probability is defined as to undermine confidence i of the facts in this case suspect search and arrest in this verdict. And we r the relief we've requeste your honors. All right. A brief. We'll take it unde going to switch panels no recess before we resume t